Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000419
17-JUN-2014
09:40 AM

NO. CAAP-14-0000419

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MICHAEL EDWARD MILLER,
Plaintiff/Counterclaim-Defendant/Appellant,
and
JOHN CHESTER ANDERSON and PETER LESTER ANDERSON,
Plaintiffs/Counterclaim-Defendants/Appellees,
v.
WAIOLI CORPORATION, a Hawaii Corporation, et al.,
Defendants/Cross-Claim Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 95-0132)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we
lack appellate jurisdiction over this appeal that Plaintiff/
Counterclaim-Defendant/Appellant Michael Edward Miller (Appellant
Miller) has asserted from the Honorable Kathleen N.A. Watanabe's

January 7, 2014 judgment, because the January 7, 2014 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013), Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawaiʻi requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

<u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is

entered in favor of Plaintiff/Counter-Defendant Z," or "all
other claims, counterclaims, and cross-claims are
dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for an appealable final

judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court

of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted;

original emphasis). "[A]n appeal from any judgment will be

dismissed as premature if the judgment does not, on its face,

either resolve all claims against all parties or contain the

finding necessary for certification under HRCP [Rule] 54(b)." Id.

(original emphasis).

The January 7, 2014 judgment does not expressly enter

judgment against anyone. Despite that HRCP Rule 54(a) warns that

"[a] judgment shall not contain a recital of pleadings, the

report of a master or the record of prior proceedings[,]" the

January 7, 2014 judgment needlessly lists fourteen prior orders

and a settlement agreement that led up to the entry of the

January 7, 2014 judgment. More importantly, however, although

this case involves multiple original plaintiffs (some of whom

were apparently substituted without any written order by the

circuit court), numerous defendants, and multiple claims through

a complaint, a four-count counterclaim and a four-count cross-

claim, the body of the January 7, 2014 judgment

- does not specifically identify all the parties in favor of whom and against whom the circuit court intends to enter judgment, and

- does not specifically identify the claim or claims on which the circuit court intends to enter judgment.

Furthermore, although this case involves multiple claims including a complaint, a four-count counterclaim and a four-count cross-claim, the January 7, 2014 judgment neither expressly dismisses the other claims on which the circuit court apparently does not intend to enter judgment, nor does the January 7, 2014 judgment contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties, as HRCP Rule 54(b) requires for a judgment such as the January 7, 2014 judgment that does not resolve all claims. A judgment must contain either (a) operative language (and not references to past dispositive orders) that affirmatively adjudicates all of the parties' claims or (b) an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all specifically identified claims or parties pursuant to HRCP Rule 54(b).

The January 7, 2014 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins. Absent an appealable final judgment in this case, Appellant Miller's appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-14-0000419. Therefore,

-4-

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000419 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, June 17, 2014.

Presiding Judge

Associate Judge

Associate Judge